UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAWWANA L. ANCAR** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-618** |
| **LCMC HEALTH, TERRI JOSEPH, RHONDA BALLARD, AND PETRINA SANDERS** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss Individual Defendants Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Louisiana Children's Medical Center d/b/a LCMC Health ("LCMC"), Terri Joseph ("Joseph"), Rhonda Ballard ("Ballard"), and Petrina Sanders ("Sanders") (Doc. 8). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

*Pro se* Plaintiff Kawwana Ancar filed this employment discrimination action pursuant to the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff alleges she was hired as a Clinical Documentation Integrity ("CDI") Specialist at LCMC, and while training for the role, she informed her supervisor that she has a pituitary tumor that causes cognitive impairment

1

and brain fog. Plaintiff states that she informed her supervisors that, because of her pituitary microadenoma, she would benefit from more interactive, hands-on training. Plaintiff alleges she was not provided adequate training that was supportive of her disability and that she was met with resistance and conflicting instruction by her supervisors, Sanders and Ballard. Plaintiff indicates that she then reported the issues to LCMC's Human Resources Department and requested one-on-one training but was terminated a few days later. Plaintiff alleges that she contacted the Director of the Human Resources Department, Joseph, to explain the circumstances surrounding her dismissal. According to Plaintiff, Joseph contacted her months later to offer Plaintiff her job back, but Plaintiff, feeling uncomfortable returning to the same circumstances that predicated her termination, declined. Plaintiff filed this action after the Equal Employment Opportunity Commission found there was no cause for her termination.

Defendants move to dismiss Plaintiff's claims against Joseph, Ballard, and Sanders, alleging that she has failed to state a claim under the ADA. Plaintiff has not filed any opposition.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*

2

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## **LAW AND ANALYSIS**

Defendants argue that Plaintiff cannot assert ADA claims against Joseph, Ballard, and Sanders because the ADA does not provide a cause of action against individual employees of a plaintiff's employer. The Court may not simply grant the instant motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion. As such, the Court will consider Defendants' argument below.

"[I]ndividuals who do not meet the statutory definition of 'employer' cannot be held liable in their individual capacities under the employment

---

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

provisions of the ADA."[8] "The ADA defines 'employer' as 'a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.'"[9] However, "the Fifth circuit does not interpret the statute to impose individual liability on the agent," namely "an individual supervisor or fellow employee."[10] In the instant case, Plaintiff alleges that Joseph is the Human Resources Director, Ballard is a CDI Specialist – Director, and Sanders is a fellow CDI Specialist and Plaintiff's supervisor. The Court finds that Joseph, Ballard, and Sanders are individual supervisors or fellow employees of Plaintiff. As such, none of these individual Defendants meet the statutory definition for an "employer" under the ADA and they cannot be liable under same. Accordingly, Plaintiff has failed to state a claim for which relief can be granted as to Defendants Joseph, Ballard, and Sanders.

Having determined that the Complaint fails to state a claim, the Court must consider whether to dismiss Plaintiff's claims or allow her leave to amend her Complaint. The Fifth Circuit has held that courts "may not dismiss a complaint under [R]ule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

---

[8] Starkman v. Evans, 18 F. Supp 630, 632 (E.D. La. 1998) *aff'd*, 198 F.3d 173 (5th Cir. 1999); Kennermer v. Parker County, Texas, No. 21-10467, 2022 WL 2610239 at *2 (5th Cir. July 8, 2022) ("[T]he Americans with Disabilities Act does not permit individual liability.").

[9] Rogers v. Orleans Parish Sheriff Office, No. 22-5303, 2024 WL 1198425 at *3 (E.D. La. Mar. 20, 2024) (citing 42 U.S.C. § 12111(5)(A)).

[10] *Id.* (citing Minnis v. Bd. of Sup'rs of La. State Univ. & Agric & Mech. Coll., 972 F. Supp. 2d 878, 888 (M.D. La. 2013)).

him to relief.'"[11] Even liberally construing the factual allegations of this *pro se* complaint, Plaintiff's claims arise only under the ADA. Therefore, the Court finds that Plaintiff can prove no set of facts that would entitle her to relief from Jospeh, Ballard, or Sanders. Accordingly, the Court finds that amendment would be futile.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claims against Terri Joseph, Rhonda Ballard, and Petrina Sanders are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 14th day of November, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[11] Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).